OPINION OF THE COURT
Chief Judge Cooke.
A party who claims relief for injury to real property need establish the amount of damages under only one measure, although other measures may be applicable. Damages, however, must be established under at least one measure.
Plaintiffs and defendants owned adjoining lots partly separated by a small pond jointly owned and used by them. In fall, 1975, defendants purchased landfill for spreading on their property as part of a landscaping project. Water flowing from a culvert washed a large quantity of the fill material into the pond, discoloring the water and effectively preventing its use during the summer of 1976. A number of trees planted by plaintiffs on both parties’ properties were also destroyed. Defendants eventually hired a contractor to compact the fill properly. The pond cleared and was again usable by summer, 1977, although there remained some residual silt damage that would not dissipate for several more years.
Plaintiffs brought suit to recover for the cost of removing the silt from the pond, the replacement cost of the destroyed trees, and the loss of use of the pond. After a trial without jury, plaintiffs obtained a judgment for $6,950 to cover the cost of removing the silt and nominal damages of $1 for loss of use of the pond. The trial court denied recovery for the trees on the ground that there was insufficient proof.
Both parties appealed. The Appellate Division affirmed the award for restoring the pond. It found, however, that there was sufficient evidence to support plaintiffs’ claim for loss of 12 trees and awarded $2,160 for their replacement. *39 The court also increased to $500 the amount of recovery for loss of the pond’s use. Defendants appealed to this court. We now modify the order of the Appellate Division.
Defendants first attack the award for the cost of removing the silt. Referring to the long-established rule that the proper measure of damages for permanent injury to real property is the lesser of the decline in market value and the cost of restoration (see Hartshorn v Chaddock, 135 NY 116, 122), defendants urge that it is the plaintiff’s burden to present evidence of both measures of value and that, here, plaintiffs failed to carry that burden by presenting evidence only of the cost of restoration. Defendants rely on language in Hartshorn v Chaddock (supra, p 123) suggesting that the plaintiff may be required to present evidence of both measures when the defendant raises at trial the issue of which is the lesser. Defendants read too much into Hartshorn’s language, for there the court was concerned, in the procedural posture of the case, only with the admissibility of proof of restoration costs as a measure of damages. The issue here is whether it is plaintiff’s burden to present proof of both measures or whether defendant is obliged to go forward with some proof of the lesser measure.
The nature of the claim that a different measure of damages would yield a lesser award raises a question somewhat akin to mitigation of damages or avoidable consequences; i.e., is the plaintiff receiving no more than is reasonably necessary to remedy fully the injury while avoiding uneconomical efforts. As a “mitigation” issue, the burden falls upon the defendant to prove that a lesser amount than that claimed by plaintiff will sufficiently compensate for the loss (cf. People’s Gas & Elec. Co. of Oswego v State of New York, 189 App Div 421, 424, affd no opn 231 NY 520). Simply stated, the plaintiff need only present evidence as to one measure of damages, and that measure will be used when neither party presents evidence going to the other measure (Union Course Holding Corp. v Tomasetti Constr. Co., 184 Misc 382, 383, affd 269 App Div 775, affd no opn 295 NY 802; see, also, 13 NY Jur, Damages, § 87).
Plaintiffs here met their obligation to provide evidence of the amount of the injury. That they did not prove their *40 injury under every potentially applicable measure should not operate to deprive them of recovery. Therefore, the award for the cost of removing the silt must stand.
The remainder of the Appellate Division’s order increasing the award for plaintiffs’ other claimed injuries was incorrect, however. The Appellate Division erred in awarding to plaintiffs the replacement cost of the trees. A careful reading of the record reveals that plaintiffs were never able to state the precise number of trees that were present on their property and destroyed by the siltage. Inasmuch as recovery for this loss would necessarily be predicated on speculation, the Appellate Division’s award must be reversed.
Finally, awarding $500 for loss of the pond’s use is unsupported by the evidence. Recovery for temporary injury to real property may be measured by the value of the loss of use, which is determined by the decrease in the property’s rental value during the pendency of the injury (see Reisert v City of New York, 174 NY 196; Tollman v Metropolitan El. R.R. Co., 121 NY 119, 124; 13 NY Jur, Damages, §88). As noted by the Appellate Division, no evidence was adduced as to the pecuniary value of the pond’s use before, during, or after the period when plaintiffs were unable to enjoy the pond’s amenities because of the siltage. Without this support, the award is mere speculation. Nor may the award be justified as constituting only nominal damages. “Nominal damages are defined as a trifling sum[,] * * * damages in name only, having no substance, but which nevertheless vindicate the plaintiff’s right” (9 Encyclopedia of NY Law, Fuchsberg, NY Damages Law, § 51, p 43). Five hundred dollars is not a “trifling sum”.
The order of the Appellate Division should be modified, without costs, in accordance with this opinion, and, as so modified, affirmed.
Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur; Judge Jones taking no part.
Order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.