■ ROMANIAN AMERICAN INTERESTS, INC., Appellant, v ROBERT A. SCHER, Respondent.—In a legal malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), dated November 7, 1984, which, upon the granting of the defendant's motion to dismiss at the conclusion of the plaintiff's case, is in favor of the defendant.

Judgment reversed, on the law, without costs or disbursements, motion denied, and new trial granted.

The instant action was commenced by the plaintiff to recover damages from the defendant for legal malpractice in the prosecution of an underlying action to recover for breach of certain fire insurance policies.

In a prior appeal concerning these very same parties, this court modified an order of Special Term which had dismissed the complaint alleging legal malpractice at the close of the plaintiff's case by (1) reinstating the fifth cause of action of the complaint which was predicated upon legal malpractice in connection with the plaintiff's claim to insurance proceeds under a "contents" policy for damage to a bar and grill, and (2) granting a new trial with respect to that claim (*Romanian Am. Interests v Scher*, 94 AD2d 549, 550-555). In so holding, this court stated (*Romanian Am. Interests v Scher, supra,* at p 550): "As to the extent of loss, however, we agree that plaintiff's proof was insufficient except insofar as it related to a bar and grill located in one of the buildings. That bar and grill was covered by a 'contents' policy and, in the underlying action, plaintiff's fifth cause of action sought to recover under that policy for damages to the contents of the bar. At trial in the instant action, the plaintiff offered expert testimony that the 'dollar loss sustained' for the bar and grill was $7,662.

Such evidence was sufficient to establish the extent of the loss to the bar and grill (see *Jenkins v Etlinger,* 55 NY2d 35)".

Prior to the taking of testimony at the ensuing trial, the plaintiff's counsel advised the court, in response to the latter's query, that his expert was going to testify as to *"the fair and reasonable value of both materials and labor which went into the renovation of the bar and grill with regard to the improvements and betterments as well as furniture and fixtures, and * * * as to the amount of stock which was on hand on the evening of the fire"* (emphasis supplied).

Specifically, the plaintiff's counsel stated: "The contents policies combined cover the stock, the furniture and fixtures, the trade furniture and fixtures. The building policy which covers the bar covers the improvements and betterments to the bar and grill".

Defense counsel argued that the prior decision of this court *(Romanian Am. Interests v Scher, supra)* limited the plaintiff's recovery merely to the contents of the bar and grill.

The trial court agreed with the plaintiff's counsel by stating that "the whole case is before the court".

Preliminary, we note that the plaintiff's counsel was incorrect in his view that he was entitled to also recover for losses other than those covered by the "contents" policy for the bar. Our prior decision *(Romanian Am. Interests v Scher, supra)* was quite clear in providing that the plaintiff's only valid cause of action, i.e., the fifth cause of action, was one to recover for damages "to the contents of the bar" *(Romanian Am. Interests v Scher, supra,* at p 550). In this context, it must be noted that the figure cited in our prior decision for the " 'dollar loss sustained' " *(Romanian Am. Interests v Scher, supra,* at p 550) by the bar and grill was given by a witness for the plaintiff who was an expert in appraising fixtures, which were covered by the "contents" policy.

During the course of the trial, the plaintiff's witness testified that after the fire, it would have cost about $7,000 for materials and $14,000 in labor to restore the premises to its condition immediately before the fire. In addition, this witness testified that on the evening of the fire, the dollar value of the liquor on hand was "anywhere from" $4,000 to $5,000.

After the plaintiff rested, the defendant moved for judgment as a matter of law for failure to sustain a prima facie case with respect to damages. Ultimately, this motion was granted by the trial court.

The testimony given by the plaintiff's witness regarding the

cost of restoring the bar was of no probative value since it failed to indicate what portion of that amount was for furniture and fixtures that were covered by the "contents" policy.

With regard to the testimony of the plaintiff's witness concerning the value of the stock at the time of the fire, the trial court rejected the same on the ground that this witness's other trial testimony, wherein he indicated that a steel safe in the bar had been totally destroyed in the fire, "defie[d] credibility". The credibility of this witness regarding the value of the stock was for the jury, and should not have been rejected by the trial court as a matter of law (see, Lipsius v White, 91 AD2d 271, 276-277).

Accordingly, a new trial is granted to the plaintiff. Mangano, J. P., Gibbons, Brown and Lawrence, JJ., concur.