■ ALBEE TRUCK, INC., Respondent, v CHAD SILVER, Doing Business as SILVER TRUCKING, Appellant.—Kane, J. Appeal from a judgment of the Supreme Court (Swartwood, J.) in favor of plaintiff, entered February 1, 1989 in Chemung County, upon granting plaintiff's motion for judgment at the close of all the evidence.

Defendant was the owner of a new 1979 Chevrolet Bison dump truck propelled by a Detroit Diesel Allison engine. The truck was purchased by defendant with a warranty for 24 months or 200,000 miles, whichever came first. At the relevant time herein the truck's odometer read 63,542 miles.

In June 1987, defendant discussed with plaintiff's service manager, William Jewett, mechanical problems encountered with the engine and the necessity of an overhaul. After exploratory dismantling for diagnostic purposes by plaintiff, defendant authorized it to proceed to rebuild the engine on August 11, 1987. Through negotiations with Detroit Diesel, defendant was able to arrange for them to provide a quantity of parts and contribute the sum of $800 toward the cost of labor. The work was completed approximately one month later; however, just prior to its availability to defendant, a coolant leak was found requiring removal and repair of the radiator. Thereafter, unpleasantries arose with regard to the terms of payment, which culminated in the requirement that defendant pay in full when he picked up the truck. On Thursday, October 1, 1987, defendant removed the truck from plaintiff's premises upon issuing to plaintiff his personal check

in the sum of $5,868.77 for the cost of repairs. At that time, he was given a six-month or 50,000-mile warranty on the rebuilt engine.

The following Monday morning, defendant stopped payment on the check, contending that after driving the truck home, he noticed fuel and coolant leaks. He did not return the truck to plaintiff for further repair, nor, as demonstrated by the evidence produced at trial, was it repaired by anyone else.

Plaintiff then commenced this action to recover the cost of the repairs, in response to which defendant interposed two counterclaims, one of which was withdrawn, and the other seeking damages for alleged defective repairs. At the trial of the action, plaintiff produced two witnesses, Jewett and Robert Albee, III, plaintiff's president, whose testimony and supporting exhibits sustained the causes of action for work, labor and services and for nonpayment because of the stop-payment order on defendant's check. Defendant was the only witness for the defense. No expert testimony was offered to support defendant's claim of defective workmanship, nor was there any proof as to the extent or cost of any repairs which might be necessary. Accordingly, at the close of all the proof, Supreme Court granted plaintiff's motion for judgment in the sum of $5,868.77, together with appropriate interest. This appeal by defendant ensued.

We affirm. Plaintiff established its claim by documentary proof supported by competent testimony, and there is no rational process by which the trier of the facts could have found in favor of defendant (see, Blum v Fresh Grown Preserve Corp., 292 NY 241, 245). Moreover, in the absence of any competent proof as to the contentions proffered by defendant, any favorable consideration of his claim would be based upon pure speculation (see, Jenkins v Etlinger, 55 NY2d 35, 40).

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.