OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff commenced this action against New York City on June 5, 1986 to recover for injuries he sustained during the course of his employment as a police officer. Following a jury trial, he was awarded a sum to compensate for past pain and suffering and lost earnings to the date of trial. Additionally, the jury awarded damages for plaintiff’s future pain and suffering and loss of future earning capacity. Defendant’s subsequent motion to offset the award by sums paid to plaintiff from collateral sources was denied insofar as it sought reduction for collateral-source reimbursement for plaintiff’s future lost income. The Appellate Division affirmed.
The courts below correctly declined to reduce plaintiff’s damages award by the income he expected to receive from collateral sources in reimbursement of future losses. CPLR 4545 (b) (1), which governs actions for work-related injuries commenced against public employers before June 28, 1986, authorizes reduction of damages awards only to the extent that "the court finds that [a] cost or expense [included in the award] was replaced or indemnified from [a] collateral source” *794 paid for or sponsored by the employer (emphasis supplied).[1] The use of the past tense in this provision clearly indicates a legislative intention to permit offsets only for collateral-source reimbursements for preverdict losses.
Moreover, defendant’s argument to the contrary is refuted by the language and history of CPLR 4545 (b)’s companion provisions: CPLR 4545 (a), which governs medical malpractice actions, and CPLR 4545 (c), which governs all personal injury actions commenced after June 28, 1986 (see, L 1986, ch 220, § 46). CPLR 4545 (a), which originally tracked the language of subdivision (b), was amended in 1985 specifically to permit damages awards to be offset by collateral-source reimbursements for "past or future cost[s] or expensefs]” (see, L 1985, ch 294, § 8). CPLR 4545 (c), which was added in 1986, contains the same specific reference to past and future costs (L 1986, ch 220, § 36). Since the Legislature did not choose to amend CPLR 4545 (b) in a similar fashion, the conclusion is inescapable that the Legislature simply did not intend to permit reductions for future collateral-source payments in actions governed by subdivision (b).[2]
*795 To be sure, the Legislature’s over-all purpose in enacting CPLR 4545 (b) was to prevent double recoveries from public employers by mandating deduction of employer-sponsored collateral-source payments (see, Mem, Assembly Rules Comm, 1984 NY Legis Ann, at 251-252). The existence of such an over-all legislative goal, however, does not materially advance defendant’s position. It is apparent from the plain language of the statute that the Legislature chose to accomplish its purpose by enacting a limited measure addressed only to those “double recoveries” that result from collateral-source reimbursement of preverdict costs and expenses.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.

. CPLR 4545 (b) (1) provides, in pertinent part:
"In any action against a public employer or a public employee who is subject to indemnification by a public employer * * * for personal injury or wrongful death arising out of an injury sustained by a public employee while acting within the scope of his public employment or duties, where the plaintiff seeks to recover for the cost of medical care, custodial care or rehabilitation services, loss of earnings or other economic loss, evidence shall be admissible for consideration by the court to establish that any such cost or expense was replaced or indemnified, in whole or in part, from a collateral source provided or paid for, in whole or in part, by the public employer * * * If the court finds that any such cost or expense was replaced or indemnified from any such collateral source, it shall reduce the amount of the award by such finding, minus an amount equal to the contributions of the injured public employee for such benefit.”

. Although CPLR 4545 (b) (3) provides for the admission of certified actuarial reports as "evidence of the present value of any death benefit, dependent benefit or disability retirement allowance,” we do not deem it persuasive proof of a contrary Legislative intent. As the trial court noted, at the time subdivision (b) (3) was enacted (L 1984, ch 701), it was not customary for the jury to consider the present value of future damages and there was no statutory provision authorizing the court or the jury to reduce future damages to their present worth. Thus, it is unclear what the Legislature had in mind when it enacted the provision. What is fairly clear, however, is that the provision was not enacted to facilitate any offset for future collateral-source income under CPLR 4545 (b) (1). Since any reduction *795 of future collateral-source payments to present value would be met with a parallel reduction in the future damages to be offset, subdivision (b) (3)’s provisions would have no practical effect in this context.