■ Mario Iazzetti et al., Appellants-Respondents, v City of New York, Respondent-Appellant. [628 NYS2d 112] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered on or about March 11, 1994, which denied plaintiff's motion pursuant to CPLR 4404 for an increase in the amount of damages, and denied defendant's motion pursuant to CPLR 4545 (c) for collateral source reduction for postverdict recovery of lost earnings, unanimously modified, on the law, to grant defendant's motion, and the matter remanded for calculation of the reduction, without costs.

"It is well settled that the amount of damages to be awarded for personal injuries is primarily a question of fact for the jury" (*Rodriguez v City of New York*, 191 AD2d 420, 421), and we are unpersuaded that the award here deviated materially from what would be reasonable compensation (CPLR 5501 [c]) under the circumstances presented. The jury was not bound to turn an uncritical eye toward the testimony of plaintiffs' expert economist. As there is a fair interpretation of the evidence that supports the jury verdict, the IAS Court properly denied plaintiffs' motion for additur.

The IAS Court did err, however, in denying the municipal defendant's motion for a collateral source reduction pursuant

to CPLR 4545. The court's error appears to arise from a misapplication of *Ryan v City of New York* (79 NY2d 792). In *Ryan* the Court of Appeals held that CPLR 4545 (b), which requires a setoff of benefits provided by a public employer from that employer's liability for economic losses suffered by an employee injured while acting in the scope of her or his public employment, was inapplicable to *postverdict* benefits received by the public employee. However, *Ryan*'s holding interpreting CPLR 4545 (b) does not control here, because it is limited to actions commenced before June 28, 1986, the effective date of CPLR 4545 (c). It is "CPLR 4545 (c), which governs *all* personal injury actions commenced after June 28, 1986" (*supra*, at 794 [emphasis added]). While public employers or employees are not specifically denominated as being within the purview of subdivision (c) of the statute, we are unpersuaded that there is any evidence in the legislative history, the plain language of the statute, or in *Ryan* to suggest that the use of the word "all" does not encompass personal injury suits against the City of New York.

As this action was commenced on February 1, 1988, the provisions of CPLR 4545 (c) apply. The accident disability pension awarded to plaintiff Mario Iazzetti, and guaranteed to him by law, should be offset against his recovery for postverdict loss of earnings, otherwise he will benefit from precisely the kind of double recovery that the Legislature sought to eliminate. We therefore remand to the IAS Court to make the appropriate calculations and adjust the judgment accordingly. Concur— Murphy, P. J., Wallach, Asch and Mazzarelli, JJ.