OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 What is the proper statutory predicate for collateral
 
 *186
 
 source reductions in personal injury and wrongful death actions brought by public employees against their employers? The answer turns on whether CPLR 4545 (c) — enacted after CPLR 4545 (b), and applicable to “any action brought to recover damages for personal injury” — repealed subdivision (b) by implication. We conclude that there has been no implied repeal, that CPLR 4545 (b) governs and that the Appellate Division erred in applying CPLR 4545 (c) to reduce plaintiffs’ jury verdict for future lost earnings.
 

 Plaintiff Mario Iazzetti, an employee of the New York City Department of Sanitation, sustained a disabling back injury when he stepped into an unprotected drain opening at the garage where he worked. At the time of the injury, plaintiff was 40 years old and had worked at the Department of Sanitation for approximately 18 years. The Board of Trustees of the New York City Employees’ Retirement System subsequently granted plaintiff Accident Disability Retirement status. Under the terms of his retirement plan, plaintiff receives a pension equal to three quarters of his last annual salary, as well as an annuity based on his accumulated contributions to the retirement system (Administrative Code of City of NY § 13-175 [b]).
 

 Plaintiff and his wife commenced this personal injury action against the City of New York, alleging that the Department of Sanitation had negligently created the dangerous condition that caused his injury. On October 2, 1992, the jury rendered a verdict for plaintiffs, awarding $200,000 in past lost earnings and benefits, $25,000 in past pain and suffering, $750,000 in future lost earnings and benefits, $250,000 in future lost pension, and $25,000 in future pain and suffering. The jury apportioned 80% of the responsibility for the accident to the City and 20% to plaintiff.
 

 After the verdict, the City moved pursuant to CPLR 4545 for a reduction in plaintiffs’ awards for past and future loss of earnings and pension. Following a collateral source hearing, Supreme Court determined that CPLR 4545 (b) entitled the City to offset the verdict for past loss of earnings by the amount plaintiff had received from his accident disability retirement pension. Because the pension had already paid plaintiff more than the verdict award for past loss of earnings, Supreme Court deleted this component of the award. The court refused, however, to reduce the jury award for future losses, on the ground that CPLR 4545 (b) does not allow defendants to offset such losses.
 

 On appeal, the Appellate Division held that Supreme Court should have applied CPLR 4545 (c), not 4545 (b). Because
 
 *187
 
 subdivision (c) allows defendants to offset both past and future economic losses, Supreme Court on remand further reduced the verdict by the amount of collateral source reimbursement plaintiff will receive for future losses. Applying
 
 Oden v Chemung County Indus. Dev. Agency
 
 (87 NY2d 81), Supreme Court concluded that the City adequately demonstrated the requisite correspondence between the collateral source payment (plaintiffs accident disability retirement pension) and the items of future pecuniary loss to be replaced (plaintiffs future loss of earnings and pension). Because the amount plaintiff is to receive from the accident disability pension exceeds the amount of the jury award for his future losses, the court modified the verdict by reducing the awards for those losses to zero. Plaintiffs appealed, and the Appellate Division affirmed.
 

 Because we conclude that CPLR 4545 (b) survived the enactment of CPLR 4545 (c) and governs the availability of collateral source reductions in this case, we now reverse.
 

 At common law, the “collateral source rule” precluded the reduction of a personal injury award by the amount of compensation a plaintiff received from a source other than the tortfeasor
 
 (see, Bryant v New York City Health & Hosps. Corp.,
 
 93 NY2d 592, 605;
 
 Oden v Chemung County Indus. Dev. Agency, supra, 87
 
 NY2d, at 85). In 1975, the Legislature began to place significant limitations on this rule. That year, CPLR 4010 was added to allow juries to consider evidence of collateral source payments when determining past economic loss awards in medical malpractice cases (L 1975, ch 109, § 10). In 1981, the Legislature made reduction for compensation from collateral sources mandatory in medical malpractice cases and imposed responsibility for the reductions on the court (L 1981, ch 269).
 

 In 1984, CPLR 4010 was repealed and reenacted as CPLR 4545 (a) (L 1984, ch 701). At the same time, the Legislature enacted CPLR 4545 (b), which extended collateral source offsets to past economic loss awards in personal injury and wrongful death actions brought by public employees against their employers (L 1984, ch 701, § 2). Subdivision (b) provides that, when a public employee brings such an action to recover for economic loss, the court must reduce the amount of an award for a cost or expense that “was replaced or indemnified, in whole or in part, from a collateral source provided or paid for, in whole or in part, by the public employer.” When adjusting an award pursuant to this subdivision, the court adds back any amounts contributed by the injured employee to the collateral source.
 

 
 *188
 
 In 1985, CPLR 4545 (a) was revised to require collateral source reductions for both medical and dental malpractice awards, and to apply to future as well as past economic losses (L 1985, ch 294, § 8). The following year, the Legislature again amended subdivision (a), by bringing podiatric malpractice actions within its scope (L 1986, ch 485, § 9). A new subdivision (c) was also added, providing:
 

 “In any action brought to recover damages for personal injury, injury to property or wrongful death, where the plaintiff seeks to recover for the cost of* * * economic loss, evidence shall be admissible for consideration by the court to establish that any such past or future cost or expense was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, from any collateral source” (L 1986, ch 220, § 36).
 

 Pursuant to subdivision (c), the court must reduce the award by any amount that was or will be paid by a collateral source, “minus an amount equal to the premiums paid by the plaintiff for such benefits for the two-year period immediately preceding the accrual of such action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits” (CPLR 4545 [c]).
 

 The primary distinction between (b) and the other two subdivisions of CPLR 4545 is that (b) permits damages awards to be offset only by the collateral source reimbursement of past costs or expenses. Because the Legislature did not amend subdivision (b) when it amended (a) and added (c) — both of which now provide for the offset of future loss reimbursements — it is clear that “the Legislature simply did not intend to permit reductions for future collateral-source payments in actions governed by subdivision (b)”
 
 (Ryan v City of New York,
 
 79 NY2d 792, 794).
 

 Subdivision (b) is unique in two other ways. First, although (a) and (c) allow a reduction of the judgment for any cost or expense replaced or indemnified from “any collateral source,” subdivision (b) allows a reduction only for costs and expenses that were replaced or indemnified “from a collateral source provided or paid for, in whole or in part, by the public employer.” Second, the amount credited to defendant under CPLR 4545 (a) and (c) excludes an amount equal to the premiums paid by the plaintiff for the collateral source benefits
 
 for the two-year period
 
 immediately preceding the accrual of
 
 *189
 
 the action. By contrast, the amount credited to a defendant under CPLR 4545 (b) excludes an amount equal to
 
 any
 
 contribution made by the injured public employee toward the cost of the collateral source benefit.
 

 Although the personal injury action now before us was brought by a public employee against his employer for an injury sustained while acting within the scope of his employment— and thus falls squarely within the ambit of (b) — the City argues that (b) does not control because it applies only to cases commenced before June 28, 1986, the effective date of subdivision (c). Citing the breadth of subdivision (c), which applies in “any action brought to recover damages for personal injury,” the City urges that (c) is now the exclusive collateral source offset provision of CPLR 4545. In support of this argument, the City points to language in
 
 Ryan
 
 that “CPLR 4545 (b) (1) * * * governs actions for work-related injuries commenced against public employers before June 28, 1986,” and that “CPLR 4545 (c) * * * governs all personal injury actions commenced after June 28, 1986”
 
 (Ryan v City of New York, supra,
 
 79 NY2d, at 793-794). Significantly, plaintiff in
 
 Ryan
 
 commenced his action before June 28, 1986, and the Court thus did not have occasion to address the relationship between subdivisions (b) and (c), as we now do.
 

 Because the Legislature did not explicitly repeal (a) and (b) when it enacted (c) — indeed, (c) makes no reference to the other subdivisions of CPLR 4545 — the Appellate Division held that the language “any action” in CPLR 4545 (c) impliedly repeals CPLR 4545 (a) and (b). Implied repeal, however, “is distinctly not favored in the law”
 
 (Alweis v Evans,
 
 69 NY2d 199, 204). The Legislature “is hardly reticent to repeal statutes when it means to do so”; a statute generally repeals a prior statute by implication “only if the two are in such conflict that it is impossible to give some effect to both.” Thus, whenever possible, a reviewing court should adopt a construction that permits a reasonable field of operation for each statute
 
 (see,
 
 id.;
 
 Matter of Consolidated Edison Co. v Department of Envtl. Conservation,
 
 71 NY2d 186, 195). It is especially important that provisions relating to the same subject matter, such as the three subdivisions of CPLR 4545, “be read together and applied harmoniously and consistently”
 
 (Alweis v Evans, supra,
 
 69 NY2d, at 204).
 

 The three subdivisions of CPLR 4545 can easily be read together so that all are given effect. Subdivisions (a) and (b) govern collateral source offsets in particular types of actions—
 
 *190
 
 medical, dental and pediatric malpractice, in the case of (a), and suits by public employees against their employers, in the case of (b). The subsequently enacted (c), by contrast, governs offsets in all other actions brought to recover damages for personal injury, injury to property or wrongful death. Although (c) purports to apply in “any action,” when read in tandem with the other subdivisions of CPLR 4545 it is clear that (c) was meant not to replace (a) and (b), but to complement them. This reading of CPLR 4545 flows naturally from the language of the statute and is consistent with the standard rule of construction that “whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular provision is inapplicable”
 
 (People v Lawrence,
 
 64 NY2d 200, 204).
 

 If, on the other hand, its intention was for (c) to consume (a) and (b), the Legislature could have accomplished this by simply labeling the new statute CPLR 4545 and eliminating (a) and (b)
 
 {see,
 
 Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4545:2, at 347). Indeed, two years before it enacted CPLR 4545 (c), when the Legislature replaced the prior collateral source statute (CPLR 4010) with a new, expanded provision (CPLR 4545), it explicitly provided for the repeal of the superseded statute (L 1984, ch 701, § 1).
 

 Even more pointedly, in the same session in which the Legislature adopted CPLR 4545 (c), it amended CPLR 4545 (a) to include actions involving podiatric malpractice. Because there is a strong presumption “that the Legislature would not repeal an act which is fresh in their minds, without making an express reference to it,” the rule disfavoring repeal by implication “applies with peculiar force as between two statutes passed at the same session of the Legislature” (McKinney’s Cons Laws of NY, Book 1, Statutes § 393, at 561-562). Here, the amendment to 4545 (a) was enacted on July 21, 1986, three weeks
 
 after
 
 the effective date of 4545 (c) (L 1986, ch 485). In order to conclude that subdivision (c) repealed the other two subdivisions of CPLR 4545, we would have to find that the Legislature amended subdivision (a) after repealing it, which would be absurd. Far more plausible is the conclusion that the Legislature amended (a) because that provision remained viable after the enactment of (c).
 

 Defendant argues that it is unnecessary to invoke the doctrine of implied repeal because subdivisions (b) and (c) “may be read together as resulting in the imposition of two concurrent independent minimum standards.” Doing so is possible, accord
 
 *191
 
 ing to defendant, because (b) does not forbid setoffs for future collateral sources and (c) does not exempt public employers from its comprehensive rule. This turns proper analysis of CPLR 4545 on its head. This Court has already held that subdivision (b)
 
 does
 
 prohibit reductions for future collateral source payments
 
 (Ryan v City of New York, supra,
 
 79 NY2d, at 794-795). Furthermore, defendant’s conclusory assertion that (c) does not exempt public employers sued by their employees in personal injury actions begs the very question at issue on this appeal.
 

 Finally, defendant contends that continuing to apply subdivision (b) now that (c) is in effect would “uniquely disadvantage” public employers because they alone will be unable to reduce their liability for collaterally reimbursed future economic losses. The legal question before the Court, however, is whether the Legislature intended for subdivision (b) — which treats public employers differently — to remain in effect, not whether such a choice would be a good one. We answer the legal question before us in the affirmative and do not address the policy question.
 

 Because we conclude that CPLR 4545 (b) and not CPLR 4545 (c) applies to this action, we do not reach the issue, addressed in the order appealed from, of whether a direct correspondence exists between plaintiff’s accident disability retirement pension and his future lost earnings
 
 (see, Oden v Chemung County Indus. Dev. Agency,
 
 87 NY2d 81,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court, New York County, entered March 11, 1994 reinstated.
 

 Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order reversed, etc.