■ MARK FISHER et al., Appellants-Respondents, v QUALICO CONTRACTING CORP. et al., Respondents-Appellants. [727 NYS2d 141] —In an action to recover for damage to property, the plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered March 15, 2000, as is in their favor and against the defendants in the principal sum of only $194,360.05, and the defendants cross-appeal from the judgment.

Ordered that the judgment is affirmed, without costs or disbursements.

After the plaintiffs' home was destroyed by fire during the course of renovations, they received $1,050,000 in insurance proceeds as replacement cost. In the plaintiffs' negligence action against the contractor and subcontractor, the jury found the contractor 30% at fault, and the subcontractor 70% at fault. The court charged the jury concerning damages pursuant to PJI 2:311, instructing them to answer special interrogatories finding the reasonable cost of repairing the property to its condition immediately before the fire, and the reduction in the market value of the property as a result of the fire. The court indicated that the plaintiffs would be awarded the lesser of the two findings. The jury found that the reasonable cost of repairs was $1,333,000, and that the diminution in market value of the property was $480,000. The plaintiffs challenge the Supreme Court's determination to enter judgment based upon the jury's finding as to the diminution in market value of the property due to the fire, and to offset those damages by the insurance proceeds the plaintiffs received.

We reject the plaintiffs' contention that they are entitled to damages based upon the jury's finding as to the cost to restore the property. It is well settled that "the proper measure of

damages for permanent injury to real property is the lesser of the decline in market value and the cost of restoration" (*Jenkins v Etlinger,* 55 NY2d 35, 39). Furthermore, the application of CPLR 4545 (c) to offset the award by the insurance proceeds the plaintiffs received was proper, since there was a direct correspondence between the insurance proceeds and the award for loss in market value of the property (*see, Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81).

We find no basis to disturb the jury's finding that the contractor was 30% at fault for the fire. In addition, the defendants failed to establish that they were entitled to a collateral source offset for the contractor's fee and the architect's fee.

The defendants' remaining contention regarding the propriety of the damages award are unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Krausman and Goldstein, JJ., concur.