*215 OPINION OF THE COURT
Eric N. Vitaliano, J.
On April 29, 2005 the jury impaneled in this action returned a verdict granting plaintiff damages on his firefighter’s claim for injury in the line of duty brought under General Municipal Law § 205-a. The jury awarded $178,000 in past lost earnings and $700,000 for future lost earnings. With its time to move for relief from the verdict extended on consent and order pursuant to CPLR 2004, defendant served a formal omnibus posttrial motion under CPLR 4404 (a) on May 27, 2005. The branches of the motion to set aside the verdict as against the weight of the evidence and to set aside or remit the verdict as excessive were denied in their entirety; the branch for alternative relief in the form of a collateral source set aside pursuant to CPLR 4545 (c) was granted to the extent that a collateral source hearing was ordered. (Terranova v New York City Tr. Auth., 9 Misc 3d 1107[A], 2005 NY Slip Op 51441[U] [2005].) The hearing was held on October 3, 2005. Following briefing, the balance of the original motion was submitted and is now determined by this decision and order.
Pared to the core, defendant’s motion seeks to offset a portion of the lost earnings awarded by the jury against the “three quarters” accident disability pension provided plaintiff in accordance with the Retirement and Social Security Law and the Administrative Code of the City of New York. At common law, of course, no such offset, mitigation or reduction in damages would be permitted. (See, e.g., Cady v City of New York, 14 NY2d 660 [1964].) Statutory law has, however, modified common law. Squarely and precisely presented here is an issue relating to interpretation of that statutory modification the Court of Appeals expressly did not reach in Iazzetti v City of New York (94 NY2d 183 [1999]): “[W]e do not reach the issue, addressed in the order appealed from, of whether a direct correspondence exists between plaintiffs [line of duty, three quarters] accident disability retirement pension and his future lost earnings.” (Id. at 191.)* Posing the open question another way, does the fact that the *216 claimed collateral source is an accident disability retirement benefit paid by a different public employer affect application of CPLR 4545 (c)?
The seminal decision regarding interpretation and application of CPLR 4545 (c) is Oden v Chemung County Indus. Dev. Agency (87 NY2d 81 [1995]). Judge Titone’s decision there instructs trial courts faced with an application to reduce damages awarded by jury verdict on account of the existence of a collateral source benefit to apply section 4545 (c) through the prism of its derogation of common law so that the words of the statute must be strictly construed. (Id. at 85.) In practical effect, Oden held that a party seeking a CPLR 4545 (c) offset must match up the claimed collateral source directly to an item of loss particularized in the itemization of the elements included in the damage award as set forth in the written verdict sheet returned by the jury. The Court went on to warn that where the “burden is not sustained because the connection between the item of loss and the collateral source payment is tenuous or because the necessary correspondence between their essential elements is lacking, the purposes of the statute would not be served by applying the mandatory offset.” (Id. at 89.) So, here, to answer in the affirmative the question not reached in Iazzetti and to earn entitlement to a mandatory offset of the lost earnings, past and future, awarded by the jury, defendant must establish a correspondence between the lost earnings awarded by the jury and the accident disability pension plaintiff receives from the New York City Fire Department as a result of the very accident which gave rise to his General Municipal Law § 205-a claim. And, defendant must do so by clear and convincing evidence. (Caruso v LeFrois Bldrs., 217 AD2d 256, 258-259 [4th Dept 1995].)
*217 By its prior order, this court granted defendant the opportunity to establish at a hearing “clear and convincing” proof of such a direct correspondence between damages and the claimed collateral source. For the most part, defendant’s proof at the hearing appeared to focus on whether, given various conditions which attach to receipt of a Fire Department three quarters accident disability pension, such pension benefits would with “reasonable certainty” replace an item of loss and indemnify plaintiff. Defendant’s focus at the hearing, however, was misdirected. For, assuming for the purposes of argument that plaintiffs disability retirement benefit payments are reasonably certain, the fundamental issue still remains — must accident disability pension benefits offset the jury’s award of lost earnings because of defendant’s convincing demonstration of their direct correspondence with each other within the meaning of CPLR 4545 (c)?
As its only collateral source hearing witness, defendant called Albert Connolly, Deputy Director of the New York City Fire Department Pension Fund. Mr. Connolly testified that, as a result of the subject accident and his line of duty retirement, plaintiff was no longer earning or receiving a salary from the New York City Fire Department and had been in fact transferred to the pension payroll from which he continues to receive the benefits defendant is seeking to offset as a collateral source. (Transcript of hearing of Oct. 3, 2005 at 12.) The hearing also brought a concession from defendant that plaintiff had neither sought nor had the jury awarded him any amount for lost pension benefits. (Transcript at 40-41.) There was also some inquiry regarding the nature of plaintiff’s pension benefit. Although examined by counsel for both parties on this point, of no probative value was Mr. Connolly’s somewhat vacillating and anecdotal views as to what the “purpose” of a three quarters accidental disability pension was. (Transcript at 50-51.) On that score, the court reminded defendant that the way to establish legislative intent in the creation of the three quarters Fire Department accident disability pension benefit, to the extent defendant felt it relevant to its argument, was to “prove [it] . . . through an examination of the memoranda and debate that accompanied the enactment of the statute, not [by proof of] what the administrator believes was the intent of the legislature 50 years ago.” (Transcript at 53.) Defendant subsequently chose not to make such argument or to offer such proof.
Accordingly, the court finds that there has been an utter failure of proof by defendant that the three quarters accident dis *218 ability pension benefits plaintiff has received and continues to receive are anything other than a pension benefit. In the private sector context, Oden, drew a sharp and specific distinction between a category of damages itemized for lost earnings as opposed to a category of damages itemized as lost pension benefits. Oden, supra at 88.) This conclusion was reaffirmed by the Court of Appeals in Fisher v Qualico Contr. Corp. (98 NY2d 534, 538-539 [2002]): “[A]n individual’s retirement pension benefits, paid in lieu of ordinary pension benefits, could not be offset against lost future earnings given that the benefits do not replace, duplicate or correspond to the earnings award.” (See Hayes v Normandie LLC, 306 AD2d 133 [1st Dept 2003], lv dismissed 100 NY2d 640 [2003]; Boshnakov v Board of Educ. of Town of Eden, 277 AD2d 996 [4th Dept 2000], lv denied 96 NY2d 703 [2001].)
By no stretch of the imagination has defendant offered proof by any standard, much less clear and convincing evidence, that there is a direct correspondence between the lost earnings awarded by the jury and plaintiffs disability pension benefits. Further, defendant offers neither proof nor argument to support rejection in the public sector of the rule which otherwise obtains in the private sector that disability pensions cannot be used under CPLR 4545 (c) to offset an award of lost earnings. With the issue not addressed in Iazzetti presented here front and center, the court determines that there is no direct correspondence existing between an accident disability retirement benefit received from a public employee retirement system and the jury’s lost earnings category of damages which would require mandatory offset pursuant to CPLR 4545 (c).
For the reasons set forth, the balance of the postverdict relief sought by defendant in its motion pursuant to CPLR 4404 (a) and 4545 (c) for a collateral source offset is denied in its entirety. Judgment shall be submitted for entry in accordance with the verdict of the jury.

 Iazzetti was an action brought by a New York City sanitation worker receiving a three quarters disability pension for an injury which occurred because of an unsafe condition at the garage where he worked. The sanitation worker sued his employer, New York City, for damages, including lost earnings, past and future, sustained as a result of the accident. The Appellate Division, finding the existence of direct correspondence, offset the entire lost earnings award pursuant to CPLR 4545 (c) against the disability retirement pension benefits plaintiff was receiving as a result of the same accident. ([Iaz *216 zetti v City of New York, 256 AD2d 140 [1st Dept 1998].) Earlier that same year, another panel of the First Department reached the exact opposite conclusion in an action brought by a New York City police officer injured in the line of duty. (Gonzalez v Iocovello, 249 AD2d 143, 144 [1st Dept 1998], affd 93 NY2d 539 [1999].) The Court of Appeals reversed the First Department’s determination in Iazzetti, holding that subdivision (c) of CPLR 4545 had no application to a case brought by a public employee against his public employer. Subdivision (b), which does not permit an offset of future lost earnings, was found in those situations to control exclusively. Iazzetti did not speak to situations like the one here, where a public employee sues a public employer other than his own employer, which, suffice it to say, is not within the bounds of subdivision (b). Nor did Iazzetti resolve the conflict with Gonzalez as to whether there was, under subdivision (b), a direct correspondence between past lost earnings and accident disability retirement benefits received from and contributed to by the defendant public employer — one holds there is and the other holds there is not.