*64 OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Plaintiff brought this small claims action to recover for damage done to various bushes that surrounded the decks in his backyard after defendant, a contractor, power-washed his decks and treated them with sealant. Plaintiff testified that defendant failed to provide adequate protection for the bushes during the spraying. Expert testimony indicated that the sealant had damaged the bushes, and that the cost to remove and replace the bushes would be $3,834.26. Concluding that plaintiff had proved by a preponderance of the credible evidence that plaintiffs bushes had been permanently damaged, the District Court awarded judgment to plaintiff in the sum of $3,834.26.
Where ornamental greenery is damaged, the goal of the courts is to do equity to both a defendant who has damaged another’s greenery and the plaintiff, by awarding a sum which sufficiently compensates the plaintiff without unconscionably burdening the defendant (Benavie v Baker, 72 AD2d 541, 542 [1979]). The measure of damages is the lower of the replacement cost of the plants or the diminution in market value of the real property on which they grow (Fisher v Qualico Contr. Corp., 98 NY2d 534 [2002]; Prashant Enters. v State of New York, 228 AD2d 144 [1996]). However, a plaintiff, having proven causation, makes out a prima facie case by providing evidence of one measure of damages (Jenkins v Etlinger, 55 NY2d 35, 39 [1982]); the availability of an alternative measure allows a defendant to prove that the plaintiff can be sufficiently compensated by a lesser amount (Fisher, 98 NY2d at 539).
Plaintiff presented substantial evidence to support the District Court’s finding of causation of damages, as well as evidence of the cost of replacement of the damaged shrubbery. Although defendant presented evidence that the damage to plaintiff’s shrubbery could have been somewhat ameliorated for significantly less money than the replacement cost, he failed to present evidence of the impact of the damage to the shrubs on the value of plaintiff’s real property. In this circumstance, and in light of the District Court’s finding that the shrubs were permanently damaged, we cannot, given the deference owed to the determination of the District Court in *65 small claims proceedings (see Williams v Roper, 269 AD2d 125, 126 [2000]), conclude that the District Court’s determination was so clearly erroneous as to deny substantial justice (see Payne v Biglin, 2 Misc 3d 127[A], 2003 NY Slip Op 51694[U] [App Term, 9th & 10th Jud Dists 2003]). Accordingly the judgment is affirmed.
Tanenbaum, J.R, Molía and Scheinkman, JJ., concur.