■ MARTHA MELOHN et al., Respondents-Appellants, v R&M COMBUSTION CO., INC., Respondent; and AMERADA HESS CORPORATION, Appellant-Respondent, et al., Defendant. [744 NYS2d 321] —Judgment, Supreme Court, New York County (Kibbie Payne, J.), entered June 29, 2001, which, upon a jury verdict, awarded plaintiffs the total sum of $1,645,675.81, and order, same court and Justice, entered March 5, 2002, denying portions of defendant Amerada Hess's motion pursuant to CPLR 5525 (c) (1), unanimously affirmed, without costs.

In this action arising out of an oil spill that occurred at

plaintiffs' apartment building, plaintiffs presented ample, uncontradicted evidence demonstrating the permanent nature of the resulting oil contamination and the consequent loss in the value of their property. In view of this evidence, it cannot be said that the trial proof so preponderated in favor of defendants that the jury's verdict could not have been reached on any fair interpretation of the evidence, and, accordingly, the verdict may not be set aside as against the weight of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). This is particularly so since it is clear from the trial evidence that, in addition to having the value of their property substantially decline as a direct result of the oil spill, plaintiffs incurred considerable costs in connection with the cleanup of the premises. Indeed, while defendant-appellant contends that plaintiffs' damages should have been limited to the lesser of either the diminution in value of the premises or the cost of remediation, in a case such as this where it is established that despite efforts at remediation the premises cannot be restored to their pre-accident condition, the proper measure of damages is the total of amount of the diminution in value plus the cost of repairs (*see, Johnson v Scholz*, 276 App Div 163, 164). Nor is there merit to defendant Amerada Hess's contention in reliance upon the unsettled transcript that the jury was charged, without objection, to the effect that the measure of any damages to be awarded would be the lesser of either the amount by which the premises had diminished in value or the cost of remediation. The trial court, which is "the final arbiter of the record" as to what took place during the trial (*People v Alomar*, 93 NY2d 239, 247; *see also,* CPLR 5525 [c]; *People v Santorelli*, 95 NY2d 412, 424; *People v Carney*, 73 AD2d 9, 12-13) properly determined, based on its notes of the proceeding and copy of the charge, that it had not charged the jury in the manner contended by defendant and that the portion of the transcript relied upon by defendant was in error.

We have considered the parties' remaining arguments for affirmative relief, including those of plaintiffs on their cross appeal, in which they urge that the trial court erred in computing the amount of prejudgment interest to which they were entitled, and find them unavailing. Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.