■ JAMES M. TURNBULL et al., Appellants, et al., Plaintiffs, v MTA NEW YORK CITY TRANSIT, Respondent. [812 NYS2d 369]—In an action, inter alia, pursuant to Navigation Law § 181 to recover damages resulting from the discharge of petroleum, the plaintiffs James M. Turnbull, Jocelyn Mondesir, Lucille J. Caputo, Cesar Ramos, Linda Biancorosso, Nicholas Biancorosso, Evelyn Israel, Charles S. Hughes, Mary E. Hughes, Loretta Stucchio, Eileen M. Ball, Philip M. Scotto, Geraldine L. Scotto, Anna Rita Oppedisano, Vincenzo Oppedisano, Maryse Fecu, Cathryn Thom, Veronica M. Muscante, Charles R. Muscante, Steven Gregos, Joanne Gregos, Anthony Deprisco, Joseph A. Hunt, Junior A. Edwards, Bernice Dalton, Milton McCormack, and Jennifer Rodriguez appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 10, 2003, as granted the defendant's motion for summary judgment dismissing the complaint.

In an action, inter alia, pursuant to Navigation Law § 181 to recover damages resulting from the discharge of petroleum, the plaintiffs James M. Turnbull, Jocelyn Mondesir, Lucille J. Caputo, Cesar Ramos, Linda Biancorosso, Nicholas Biancorosso,

Evelyn Israel, Charles S. Hughes, Mary E. Hughes, Loretta Stucchio, Eileen M. Ball, Philip M. Scotto, Geraldine L. Scotto, Anna Rita Oppedisano, Vincenzo Oppedisano, Maryse Fecu, Cathryn Thom, Veronica M. Muscante, Charles R. Muscante, Steven Gregos, Joanne Gregos, Anthony Deprisco, Joseph A. Hunt, Junior A. Edwards, Bernice Dalton, Milton McCormack, and Jennifer Rodriguez appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 27, 2004, as, in effect, upon renewal, adhered to a prior determination in an order of the same court dated July 10, 2003, granting the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, the defendant's motion for summary judgment is denied, the complaint is reinstated, and the order dated July 10, 2003 is vacated.

The appellants (hereinafter the plaintiffs) are a group of property owners who own residences on Utica Avenue or East 51st Street in the Mill Basin section of Brooklyn. The plaintiffs' homes are located near a bus depot operated by the defendant New York City Transit Authority, sued herein as MTA New York City Transit (hereinafter the Transit Authority). During the replacement and closure of an oil tank at the bus depot in December 1992, the defendant discovered that a leak had occurred, and that petroleum products were in the soil and floating on the groundwater near that tank. However, the defendant alleged that it was not until November 1998 that it learned that a plume of diesel fuel had migrated underneath the plaintiffs' properties. In January 1999 the New York State Department of Environmental Conservation (hereinafter the DEC) notified the plaintiffs that leaked fuel might have extended beneath their homes, and that remediation efforts were underway. The plaintiffs subsequently commenced this action in July 1999 seeking, inter alia, to recover damages pursuant to Navigation Law § 181. In May 2001 the defendant entered into a consent order with the DEC which required it to continue its remediation efforts until the agency determined that such efforts were no longer required.

About one year later in May 2002 the defendant moved for summary judgment dismissing the complaint, contending, based upon expert affidavits, that the plaintiffs did not sustain any damages because the plume of diesel fume had not caused any physical injury to their properties, posed no health risk, and was in the process of being successfully remediated. The defendants further maintained that the plaintiffs' properties did

not decline in value. In opposition to the motion, the plaintiffs relied upon the affidavit of an environmental engineer who estimated that at least 70,000 gallons of fuel had leaked from the bus depot's tank resulting in contamination of the groundwater and soil underneath the plaintiffs' properties, and claimed that remediation efforts were unlikely to restore the plaintiffs' properties to their precontamination state. The plaintiffs also submitted an affidavit from a real estate appraiser who concluded that the presence of a plume of diesel fuel underneath the plaintiffs' properties would diminish the market values of those properties. The Supreme Court granted the motion for summary judgment, finding that the affidavits of the plaintiffs' experts were insufficient to rebut the defendant's prima facie showing that the properties were not contaminated and did not decrease in value. The plaintiffs then moved for renewal, submitting additional evidence including real estate appraisals, the affidavit and report of a real estate appraiser who concluded that the market value of the plaintiffs' properties had diminished by 55% as a result of the plume, and the affidavit and report of a geochemist who disputed the defendants' contention that the plume was shrinking in size, and asserted contamination would exist at the site for decades. The Supreme Court considered the additional evidence submitted on renewal and adhered to its original determination. We reverse.

Navigation Law § 181 (1) provides that any person who has discharged petroleum is strictly liable for "all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained." "The purpose of the statute is, inter alia, to require the prompt cleanup and removal of oil and fuel discharge, to minimize damage to the environment, to restore the environment to its 'pre-spill condition' and to compensate those damaged by such discharge" (*AMCO Intl. v Long Is. R.R. Co.*, 302 AD2d 338, 340 [2003]). If it is established that despite efforts to clean up property after an oil spill, the premises cannot be restored to their pre-spill condition, "the proper measure of damages is the total amount of the diminution in value plus the costs of repairs" (*Melohn v R&M Combustion Co.*, 296 AD2d 323, 324 [2002]). In determining whether a diminution in the value of the premises has occurred in an environmental contamination case, the court may consider evidence as to whether the "stigma" caused by the oil spill has had an impact on the value of the subject property (*87th St. Owners Corp. v Carnegie Hill-87th St. Corp.*, 251 F Supp 2d 1215, 1223 [2002]; *see Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon,* 88 NY2d 724, 730 [1996]; *Halliday v Norton Co.,* 265 AD2d 614 [1999]). Here, in support of its motion for

summary judgment, the Transit Authority sustained its initial burden of demonstrating that the plaintiffs did not sustain damages by submitting expert affidavits to support its claims that the plume of diesel oil underneath the plaintiffs' properties was in the process of being remediated, and had no detrimental impact on the health and safety or residents, or upon property values. However, the expert affidavits and reports submitted both in opposition to the motion for summary judgment, and on renewal, raised triable issues of fact as to whether the contamination caused by the oil spill can be fully remediated, and whether the stigma caused by the continuing presence of the plume has had a negative effect on the value of the plaintiffs' properties. Accordingly, upon renewal, the defendant's motion for summary judgment should have been denied. Florio, J.P., Krausman, Skelos and Covello, JJ., concur.