# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1032**
**CA 14-02191**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THOMAS D. ANGIELCZYK, PLAINTIFF-APPELLANT,

V          MEMORANDUM AND ORDER

RICHARD P. LIPKA, DEFENDANT-RESPONDENT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BARTH SULLIVAN BEHR, BUFFALO (ALEX M. NEUROHR OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Erie County Court (Sheila A. DiTullio, J.), dated March 19, 2014. The order affirmed a judgment of the Buffalo City Court.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this small claims action in Buffalo City Court seeking damages in the sum of $5,200 for the diminution in value of his 1996 Jaguar XJR (Jaguar) allegedly caused by an accident in which defendant's wife, who was driving defendant's vehicle, backed the vehicle into the Jaguar in a parking lot. After a hearing, City Court awarded judgment in favor of defendant. On appeal, County Court (hereafter, court) affirmed. We affirm.

As an initial matter, we note that, by commencing this action upon a small claim under UCCA article 18, plaintiff waived his right to appeal, except to the extent that he may "appeal on the sole grounds that substantial justice has not been done between the parties according to the rules and principles of substantive law" (UCCA 1807). "[A] small claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court's determination clearly erroneous" (*Coppola v Kandey Co.*, 236 AD2d 871, 871-872 [internal quotation marks omitted]; *see Pugliatti v Riccio*, 130 AD3d 1420, 1421; *Schiffman v Deluxe Caterers of Shelter Rock*, 100 AD2d 846, 846-847). "Thus, judgment rendered in a small claims action will be overturned only if it is 'so shocking as to not be substantial justice' " (*Coppola*, 236 AD2d at 872; *see Blair v Five Points Shopping Plaza*, 51 AD2d 167, 169).

     With the above principles in mind, we reject plaintiff's contention that this Court's opinion in *Franklin Corp. v Prahler* (91 AD3d 49) compels the conclusion that he is entitled to judgment on his claim for damages based on the Jaguar's alleged diminution in value. At the hearing, plaintiff testified that, prior to the accident, the Jaguar was "basically all original," that he had entered it in car shows and that, as a result of the accident, it had diminished in value in the amount of $5,200.  Plaintiff also submitted written appraisals indicating that the resale value of the Jaguar had diminished as a result of the accident.  Unlike the plaintiff in *Franklin Corp.*, however, plaintiff submitted no evidence demonstrating that the Jaguar appreciated in value from the time that he had purchased it to the time of the accident.  We therefore conclude that the court properly determined that *Franklin Corp.* is inapplicable to the instant case (*cf. id.* at 56-57), and that the rule articulated in *Johnson v Scholz* (276 App Div 163) is applicable, instead:  "The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is lesser" (*id.* at 164; *see* PJI 2:311).  In addition, "where, as here, there is no dispute that the repairs fully restored the vehicle to its condition before the accident, and the only basis of the claim made by the plaintiff for the difference in value immediately before and immediately after the accident is not that his automobile could not be fully repaired, but, rather, that after repair the resale value would be diminished because the car had been in an accident, 'the diminution in resale value is not to be taken into account' " (*Parkoff v Stavsky*, 109 AD3d 646, 648, *lv denied* 22 NY3d 864).

     We have examined plaintiff's remaining evidentiary contention and conclude that it is not properly before us because it has been raised for the first time on appeal (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985).  In any event, that contention cannot serve as a basis for reversal of the small claims judgment herein (*see Blair*, 51 AD2d at 169; *see also Williams v Roper*, 269 AD2d 125, 126-127, *lv denied* 95 NY2d 898).

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court