OPINION OF THE COURT
Philip S. Straniere, J.
Claimant, Alfe Marie Villafranca, commenced this small claims action against the defendant, Nasim Akhtar, alleging that as a result of the negligence in the operation of his motor vehicle, claimant has suffered a monetary loss. A trial was held on May 19, 2015. Claimant appeared without counsel. Defendant was represented by an attorney. A Tagalog interpreter was present to assist the claimant.
Certain facts are not in dispute. The parties were involved in a motor vehicle accident on February 24, 2015 in which claimant’s vehicle suffered property damages. Defendant conceded liability for the incident. Defendant’s insurance carrier made three payments to claimant for property damage in the amount of $3,644.69 which was accepted by claimant in full settlement of the property damage claim.
In this action claimant therefore is not seeking to be compensated for damage to the vehicle. The thrust of the claim is that as a result of the accident the value of the vehicle, a 2014 Honda Accord EXL with mileage of 1,957 at the time of the accident, has a diminished value and if the claimant was to sell the vehicle or trade it in, it would produce a lower value than a similar vehicle not involved in an accident.
In support of the claim claimant produced a “diminished value report” from The St. Lucie Appraisal Company dated March 19, 2015. The report surveyed six dealers in the New York City area providing them with facts specific to the vehicle and asking them how much they would pay for a vehicle repaired after one accident like that suffered by claimant’s vehicle. They all started with the premise that the book value of the car before the accident was $22,000. All dealers surveyed concluded that they would pay less for a vehicle with this accident history. The reduction in value ranged from 7.5% to 20% with an average of 14.02%. The average diminished value is $3,084.40. It should be noted that the Honda dealer on Staten Island was not surveyed.
In regard to property damage claims, New York applies the following standard as set forth in Pattern Jury Instructions (PJI) 2:311 which provides:
*880 “If plaintiffs [automobile] was damaged by the defendant’s negligence, you will award to the plaintiff as damages the difference between its market value immediately before and immediately after it was damaged, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is less.
“Thus, if the reasonable cost of repairs exceeds the reduction in market value, you will award the amount by which the market value was reduced. If the reasonable cost of repairs is less than the reduction in market value, you will award to the plaintiff the reasonable cost of repairs required to restore the [automobile] to its condition immediately before it was damaged.”
Case law has consistently held that “the measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser” (Johnson v Scholz, 276 App Div 163, 164 [1949]; Franklin Corp. v Prahler, 91 AD3d 49 [2011]). This means a plaintiff can be made whole under one standard or the other and not both as sought by claimant.
Application of this rule to the facts of the case means that by accepting repair of the vehicle, which presumably restored the vehicle to its pre-accident value, claimant is barred from asserting a claim for “diminished value.” But there is a fallacious presumption in this rule, which is that the repaired vehicle, restored to its pre-accident physical condition, is likewise restored to its pre-accident value.
Whether it is true or not, it is generally accepted that once you buy a car and drive it off the lot, the market value is immediately depreciated. Claimant here has taken this belief to a new level. Claimant has documented through an appraisal report that the practice in the car sale industry is to offer less money for a vehicle involved in an accident even if physically repaired thereby entitling claimant to assert a loss of value claim. Based on what has been produced by the claimant, the court cannot dismiss the allegation out of hand. It deserves further analysis.
On the other hand, it may be argued that such a claim is premature because claimant has use of the vehicle and is not *881 selling it at this time. Any loss would only be realized at that time and therefore is speculative. For instance, the car could be totaled in another accident or the claimant could keep the vehicle for 10 years operating over the pothole infested roads on Staten Island for 100,000 miles thereby reducing the market value of the vehicle substantially below one that was kept in the garage and only driven to church every Sunday. The appraisal report argues that the loss of value occurred at the time of the accident and requiring the actual sale of the car or future use should not be considered.
The other problem is that there is no independent verification of the condition of the vehicle before the accident. The appraisal report is based on the self-reported information from the claimant owner. It therefore is part of the claimant’s cause of action to establish the condition of the vehicle prior to the accident by admissible evidence.
In the interest of justice, the court is rescheduling this matter for further testimony on industry standards in the valuation of motor vehicles involved in accidents which are presumably fully repaired and as to when the loss of value occurs. Both sides should produce experts at that time.