Richard M. Gordon, Appellant,
against
Vimmy Kumar, Respondent.




Richard M. Gordon & Associates, P.C., appellant pro se.
Russo & Tambasco (Yamile Al-Sullami of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (James F. Matthews, J.), dated November 3, 2016. The order, insofar as appealed from, granted defendant's converted motion for summary judgment and denied plaintiff's cross motion for summary judgment.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action to recover for the diminution in the value of his car as a result of damage it had sustained in a collision with defendant's vehicle. Plaintiff asserted that defendant had conceded liability and defendant's insurer had made payments to repair plaintiff's vehicle but that, notwithstanding the repair, the value of his vehicle had decreased. Defendant asserted in his answer that there is no cause of action for diminution of value and subsequently moved to dismiss on this ground. Plaintiff cross-moved for summary judgment. The District Court, on consent, converted defendant's motion to one for summary judgment, granted the motion and denied the cross motion. Plaintiff appeals.
The District Court properly granted defendant's converted motion as plaintiff has no cause of action to recover the damages he seeks (see Angielczyk v Lipka, 132 AD3d 1380 [2015]; Parkoff v Stavsky, 109 AD3d 646 [2013]). "The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser" (Johnson v Scholz, 276 App Div 163, 164 [1949]; see [*2]Fisher v Qualico Contr. Corp., 98 NY2d 534, 539-540 [2002]; Gass v Agate Ice Cream, Inc., 264 NY 141 [1934]; Hartshorn v Chaddock, 135 NY 116 [1892]; Babbitt v Maraia, 157 AD2d 691 [1990]; see also PJI 2:311). While courts have held in certain cases that "[w]here the repairs do not restore the property to its condition before the accident, the difference in market value immediately before the accident and after the repairs have been made may be added to the cost of repairs" (Johnson v Scholz, 276 App Div at 165; see Melohn v R & M Combustion Co., 296 AD2d 323, 324 [2002]), here, there is no contention that the repairs did not fully restore the vehicle to its condition before the accident (see Angielczyk v Lipka, 132 AD3d 1380). The only basis of the claim made by plaintiff to recover the difference in value immediately before and immediately after the accident was that, after repair, the resale value of the vehicle would be diminished because the vehicle had been in an accident. Under these circumstances, "the diminution in resale value is not to be taken into account" (Johnson v Scholz, 276 App Div at 165; see Howe v Johnston, 220 App Div 170, 171 [1927]; see also Parkoff v Stavsky, 109 AD3d 646).
Accordingly, the order, insofar as appealed from, is affirmed.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2018