Freitas v Ahmed (2024 NY Slip Op 01628)

Freitas v Ahmed

2024 NY Slip Op 01628

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

103 CA 23-00367

[*1]MICHAEL FREITAS, PLAINTIFF-APPELLANT,
v
IMRAN AHMED, DEFENDANT-RESPONDENT. 

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ROBERT J. MARANTO, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HINSHAW & CULBERTSON LLP, NEW YORK CITY (BRENT M. REITTER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 31, 2023. The order and judgment granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this negligence action arising from a motor vehicle accident, plaintiff seeks damages sufficient to compensate him for diminution in market value of his vehicle, which was struck from behind by a vehicle owned and operated by defendant. Although defendant's insurance company paid plaintiff for the reasonable costs of repairs to his vehicle, plaintiff contends that, contrary to the common-law rule set forth in Johnson v Scholz (276 App Div 163 [2d Dept 1949]) and followed by courts in New York for the past 70-plus years, he should be able to recover both the cost of repairs and the diminution in value of his vehicle as a result of the accident. According to plaintiff, his repaired vehicle is worth $3,000 less than it was prior to the accident. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, and we now affirm.
"The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is lesser" (id. at 164; see Angielczyk v Lipka, 132 AD3d 1380, 1381 [4th Dept 2015]). "Where the repairs do not restore the property to its condition before the accident, the difference in market value immediately before the accident and after the repairs have been made may be added to the cost of repairs" (Johnson, 276 App Div at 165). However, where "there is no dispute that the repairs fully restored the vehicle to its condition before the accident, and the only basis of the claim made by the plaintiff for the difference in value immediately before and immediately after the accident is not that [the] automobile could not be fully repaired, but, rather, that after repair the resale value would be diminished because the car had been in an accident, 'the diminution in resale value is not to be taken into account' " (Parkoff v Stavsky, 109 AD3d 646, 648 [2d Dept 2013], lv denied 22 NY3d 864 [2014], quoting Johnson, 176 App Div at 165).
In Franklin Corp. v Prahler (91 AD3d 49, 50 [4th Dept 2011]), we recognized an exception to the general rule that is applicable in situations where the damaged property allegedly appreciated in value after its purchase and repairs would not fully restore the property to its pre-accident market value. The property at issue in Franklin was " 'a rare collector's sports car rapidly appreciating in value' " (id.), and we held that the plaintiff was not limited to recovering the cost of repairs and that the trial court erred in denying the plaintiff's request for a charge permitting the jury to consider the alleged diminution in the value of the vehicle. As we [*2]recognized in Franklin, however, the law set forth in Johnson still applies to property that depreciates in value after its purchase (see id. at 57), as is the case with most automobiles.
Here, plaintiff does not allege that his vehicle, a 2014 GMC Sierra 1500, appreciated in value after its purchase, and therefore the exception described in Franklin does not apply. Nor does plaintiff allege that the repairs he made to the vehicle with the insurance money received from defendant's carrier did "not restore the property to its condition before the accident" (Johnson, 276 App Div at 165). Instead, plaintiff merely alleges that the repairs did not fully restore the vehicle to its pre-accident market value. Inasmuch as plaintiff concedes that he received payment of $8,437.03 from defendant's insurance company to repair his vehicle and offered no evidence that the repairs did not fully restore the vehicle to its pre-accident condition, we conclude that the court properly granted summary judgment to defendant on the ground that plaintiff has been fully compensated for his loss.
We decline plaintiff's invitation to modify the common-law rule on damages as it relates to automobiles, which is consistent with case law from the Court of Appeals on property damages in general (see Fisher v Qualico Contr. Corp., 98 NY2d 534, 539-540 [2002]; Gass v Agate Ice Cream, Inc., 264 NY 141, 143-144 [1934]; see also 1B NY PJI3d 2:311 at 1081-1083 [2024]).
In light of out determination, we need not address plaintiff's remaining contention.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court