Hazlett v Niezgoda (2025 NY Slip Op 01730)

Hazlett v Niezgoda

2025 NY Slip Op 01730

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

44 CA 24-00805

[*1]NICHOLAS R. HAZLETT, PLAINTIFF-APPELLANT,
v
MATTHEW D. NIEZGODA, DEFENDANT-RESPONDENT. 

RICHARD G. MONACO, NEW YORK CITY, FOR PLAINTIFF-APPELLANT. 
MURA LAW GROUP, PLLC, BUFFALO (JAMES H. COSGRIFF, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 6, 2023. The order denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant's motion and reinstating the complaint and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for the diminution in value of his motor vehicle, a 2019 Tesla Model 3 sedan that was damaged in a collision with a vehicle owned and operated by defendant, and for loss of use of the vehicle while it was being repaired.
Defendant's insurer paid for the repairs to plaintiff's vehicle, in the amount of $17,141.07. As a result of those repairs, the vehicle drove and handled as well as it had before the accident, but plaintiff observed that the gaps between the trunk of his vehicle and the side panels were wider than before the accident, so that in his view the vehicle had not been "restored to its pre-accident value."
Following discovery, plaintiff moved for summary judgment on his complaint and defendant moved for summary judgment dismissing the complaint. Although defendant did not dispute that he was negligent or that his negligence caused damage to plaintiff's vehicle, he contended that the complaint should be dismissed because plaintiff had been made whole and thus had no cognizable damages. Supreme Court denied plaintiff's motion, granted defendant's motion, and dismissed the complaint. Plaintiff appeals. We now modify the order by denying defendant's motion and reinstating the complaint.
Contrary to plaintiff's contention, the court properly concluded that he was not entitled to summary judgment on either of his causes of action. With respect to the cause of action alleging diminution in value, the relevant legal principles are well settled. "The measure of damages for injury to property resulting from negligence is the difference in the market value immediately before and immediately after the accident, or the reasonable cost of repairs necessary to restore it to its former condition, whichever is the lesser" (Johnson v Scholz, 276 App Div 163, 164 [2d Dept 1949]; see Freitas v Ahmed, 225 AD3d 1261, 1261—1262 [4th Dept 2024], lv denied 42 NY3d 905 [2024]; Angielczyk v Lipka, 132 AD3d 1380, 1381 [4th Dept 2015]). "Where the repairs do not restore the property to its condition before the accident, the difference in market value immediately before the accident and after the repairs have been made may be added to the cost of repairs" (Johnson, 276 App Div at 165). However, where repairs have fully restored the vehicle to its pre-accident condition, the owner of the vehicle cannot recover damages for "the diminution in resale value" of the vehicle arising from the fact that it has been involved in a [*2]collision (id.; see Freitas, 225 AD3d at 1262; Parkoff v Stavsky, 109 AD3d 646, 648 [2d Dept 2013], lv denied 22 NY3d 864 [2014]).
Here, although plaintiff testified that his vehicle did not look the same after the accident due to the gaps in the paneling, he failed to offer any evidence that the repairs did not restore the vehicle to its pre-accident value. In support of his motion, plaintiff did not submit any photographs of the vehicle showing its post-accident condition. Instead, plaintiff relied on an unsworn "Diminished Value Report" by a purported expert in automobiles who concluded that, as a result of the subject accident, the market value of plaintiff's Tesla diminished by $21,600. The expert did not attribute any diminution in value to alleged gaps in the paneling. Nor did the expert state that the repairs did not restore the vehicle to its pre-accident condition. Because plaintiff failed to meet his initial burden of establishing as a matter of law that his vehicle was not restored to its pre-accident value, the burden never shifted to defendant to raise a triable issue of fact, and denial of plaintiff's motion to that extent was required "regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In a separate cause of action, plaintiff seeks damages for the loss of use of his vehicle for over a month while it was undergoing repairs. While his vehicle was in the collision shop, defendant's insurer paid for plaintiff's rental of a Nissan automobile. According to plaintiff, however, the rental car was not comparable in value to his Tesla Model 3, and he seeks loss of use damages of $11,816.19. Finally, plaintiff seeks $33.40 to reimburse him for Uber rides he took to the collision shop.
Plaintiff failed to meet his initial burden of proof with respect to his loss of use cause of action. In his motion papers, plaintiff did not identify the model or year of the Nissan he was given as a rental vehicle while his Tesla was being repaired. Moreover, although plaintiff established the rental cost of the Nissan, he did not offer any proof as to how much it would cost to rent a 2019 Tesla Model 3 for the same period of time. We note that calculation of plaintiff's alleged damages for loss of use must take into account whether he was provided with a rental car of comparable quality and value to his Tesla (see Jacobson v Purdue, 65 Misc 3d 1232[A], 2018 NY Slip Op 52001[U], *3-4 [Sup Ct, Ontario County 2018], affd for reasons stated 177 AD3d 1318 [4th Dept 2019]), and that here it cannot be determined whether the Nissan was generally similar to his Tesla for the purpose of calculating plaintiff's loss of use damages. Because the burden never shifted to defendant to raise a triable issue of fact, denial of plaintiff's motion with respect to loss of use was required (see Alvarez, 68 NY2d at 324). The court therefore properly denied plaintiff's motion for summary judgment in its entirety.
We agree with plaintiff, however, that the court erred in granting defendant's motion for summary judgment dismissing the complaint. In support of his motion, defendant offered no proof establishing as a matter of law that the repairs to plaintiff's vehicle restored the vehicle to its pre-accident condition. Defendant relied largely on an affirmation from his attorney, who has no personal knowledge of the facts, along with plaintiff's deposition testimony. Although defendant contends that plaintiff admitted during his deposition that the repairs to his vehicle were done to his satisfaction, plaintiff made clear during his testimony that, due to the gaps in the paneling, the vehicle was not in the same condition as before the accident. Defendant offered no evidence to the contrary, and it is well established that a party moving for summary judgment "must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (Orcutt v American Linen Supply Co., 212 AD2d 979, 980 [4th Dept 1995]; see Freeland v Erie County, 204 AD3d 1465, 1467 [4th Dept 2022]).
Finally, with respect to the loss of use cause of action, defendant merely asserted that plaintiff was not entitled to the use of a vehicle comparable to his Tesla while the Tesla was being repaired. According to defendant, any operable vehicle will suffice regardless of its make, model, size, or safety features. We agree with plaintiff, however, that he is entitled to damages to the extent that he was not provided with the use of a vehicle generally comparable to his Tesla Model 3 (see Jacobson, 2018 NY Slip Op 52001[U], *3-4), and the record does not establish whether the Nissan provided to plaintiff was generally comparable to his Tesla.
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court